PROB 12C  
(06/17)

March 27, 2019  
pacts id: 3313633

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Alejandro Humanes-Navarro (Spanish)  
Also known as Roberto Lopez-Mellan

**Dkt No.:** 18CR00885-001-JLS

**Reg. No.:** 61378-298

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324 (a)(1)(A)(ii), (v)(II) and (a)(1)(B)(i), Transportation of Certain Aliens for Financial Gain, and Aiding and Abetting, a Class C felony.

**Date of Sentence:** June 29, 2018

**Sentence:** 12 months and 1 day's custody; 2 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** December 7, 2018

**Asst. U.S. Atty.:** Michael A. Deshong

**Defense Counsel:** James M. Chavez, Fed. Defs., Inc. (Appointed) (619) 234-8467

**Prior Violation History:** None.

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nv1)* | 1. On or about March 24, 2019, Mr. Humanes-Navarro transported illegal aliens, in violation of U.S.C. § 1324(a)(1)(A)(ii), as evidenced by the complaint filed in U.S. District Court, Southern District of California, Docket No. 19MJ08947-001-RBM. |

***Grounds for Revocation:*** As to allegation 1, I received and reviewed the complaint with probable cause statement, filed in U.S. District Court, Southern District of California, Docket No. 19MJ08947-001-RBM, which confirms the following: On the above date, U.S. Border Patrol Remote Video Surveillance Operators (RVSS) observed two subjects make an illegal entry at the International Border Fence from Mexico into the United States. RVSS later observed the two suspected illegal aliens get into the rear passenger seat of a vehicle, later identified as a white colored 2001 Mercedes ML320 (Mercedes). This information was relayed to a border patrol agent in the field via service radio and the agent responded to the area. A short time later, the agent located the Mercedes and was

able to see two individuals in the backseat attempting to conceal themselves. The agent then activated the emergency lights and sirens of his marked service vehicle, and the Mercedes yielded. The agent approached the Mercedes, identified himself, and questioned the driver, later identified as Roberto Lopez-Mellan (AKA Alejandro Humanes-Navarro). Mr. Humanes-Navarro stated that he was a U.S. Citizen. The agent then questioned the two passengers identified as Andres Andres-Sebastian and Fernando Guerrero-Salinas, as to their citizenship. Mr. Andres stated that he is a citizen of Guatemala without proper documents to be in the United States legally. Mr. Guerrero stated that he is a citizen of Mexico without proper documents to be in the United States legally. The agent placed Mr. Guerrero and Mr. Andres under arrest for illegal entry and Mr. Humanes-Navarro under arrest for alien smuggling.

At the border patrol station, Mr. Humanes-Navarro was read his Miranda rights and he agreed to provide a statement without the presence of an attorney. The supervisee stated that he was hired by a smuggler known as "El Guero" to smuggle the two subjects into the United States. Mr. Humanes-Navarro stated that he was going to get paid $300 per person that he smuggled into the United States. The supervisee was instructed to pick up the Mercedes at a parking lot, drive to Calexico, park inside a house near the border and wait for two illegal immigrants to climb over the international boundary fence and run into his vehicle. Mr. Andres and Mr. Guerrero stated they were going to pay $8,500 and $7,000 respectively to be smuggled into the United States. Both Mr. Andres and Mr. Guerrero were able to correctly identify the driver of the Mercedes from a six-pack photographic line-up.

On March 25, 2019, Mr. Humanes-Navarro appeared before U.S. Magistrate Judge Ruth Bermudez Montenegro for his initial appearance. A preliminary hearing was set for April 4, 2019, and arraignment was set for April 4, 2019.

| **(Standard Condition)** The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. | 2. On March 5, 2019, Mr. Humanes-Navarro failed to report to the probation office as directed by the probation officer. |
|---|---|

***Grounds for Revocation:*** As to allegation 2, the probation officer directed Mr. Humanes-Navarro to report to the probation office on March 5, 2019. However, Mr. Humanes-Navarro failed to report to the probation office as directed.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Humanes-Navarro was released from Bureau of Prisons Custody on December 7, 2018. Upon his release, the supervisee was reportedly removed to Mexico by U.S. Immigration and Customs Enforcement. However, on March 4, 2019, Mr. Humanes-Navarro reported to the U.S. Probation Office with his attorney for further supervision instructions. At that time, it was reported that Mr. Humanes-Navarro was a United States Citizen. The supervisee completed supervision intake forms and the probation officer directed Mr. Humanes-Navarro to report to the probation office on March 5, 2019, for further supervision. Unfortunately, the supervisee failed to report and efforts by the probation officer to contact him were unsuccessful. Most concerning, on March 24, 2019, Mr. Humanes-Navarro transported illegal aliens and is now undergoing federal prosecution.

PROB12(C)
Name of Offender: Alejandro Humanes-Navarro
Docket No.: 18CR00885-001-JLS

March 27, 2019
Page 3

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Humanes-Navarro is 38 years old. He is single and has fathered one child. The supervisee reported residing in Mexicali, Mexico, with friends.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves transportation of illegal aliens, which constitutes a Grade B violation. USSG §7B1.1(a)(2), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade B violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 years' supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

PROB12(C)

Name of Offender: Alejandro Humanes-Navarro  
Docket No.: 18CR00885-001-JLS

March 27, 2019  
Page 4

## JUSTIFICATION FOR BENCH WARRANT

A warrant of arrest is justified given Mr. Humanes-Navarro appears to have engaged in felony criminal activity while on supervised release.

## RECOMMENDATION/JUSTIFICATION

Upon release from Bureau of Prisons custody in December 2018, Mr. Humanes-Navarro was reportedly removed from the United States. In March 2019, he reported to the probation office for initial supervision instructions and then he absconded from supervision. A few weeks later, Mr. Humanes-Navarro was arrested for transporting illegal aliens.

The transportation of illegal aliens is a serious offense, which entails a significant breach of the Court's trust. Therefore, if the allegations of noncompliance are sustained, it is respectfully recommended that supervised release be revoked and Mr. Humanes-Navarro be sentenced to 10 months' custody with no supervised release to follow, and to be served consecutive to any sentence he may be serving.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: March 27, 2019

Respectfully submitted:  
DAVID J. SULTZBAUGH  
CHIEF PROBATION OFFICER

by _____  
Arturo Montano  
U.S. Probation Officer  
(760) 339-4209

Reviewed and approved:

_____  
Pascual Linarez  
Supervising U.S. Probation Officer

PROB12CW	March 27, 2019

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Humanes-Navarro, Alejandro

2. **Docket No. (Year-Sequence-Defendant No.):** 18CR00885-001-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Transportation of illegal aliens | B |
| Failure to report as instructed | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ B ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 4 to 10 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____    Community Confinement _____
    Fine($) _____            Home Detention _____
    Other _____              Intermittent Confinement _____

PROB12(C)

Name of Offender: Alejandro Humanes-Navarro  
Docket No.: 18CR00885-001-JLS

March 27, 2019  
Page 6

## THE COURT ORDERS:

☑ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

☐ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

☐ Other _____

_____  
The Honorable Janis L. Sammartino  
U.S. District Judge

Date: 4/2/19

NF